## Cooper, et al. v. Washington, et al.

(Decided June 4, 1913.)

### Appeal from Christian Circuit Court.

1. Easements—Action to Be Adjudged Owner of Passway—Evidence—Instructions.—In an action seeking to be adjudged the owner of and entitled to the use of a passway and for damages for its obstruction, the jury under a peremptory instruction finding for defendants on the question of title, but finding that plaintiffs had a right of passway, under submission on that question, upon appeal by the defendants as to plaintiffs right of easement, there being no cross appeal by defendants, the questions of title and damage are eliminated, and the evidence as to whether the use was exercised as a matter of right, or was merely permissive, being irreconcilable, and the instructions properly submitting the issue, the judgment must be affirmed.

2. Easements—Title—Evidence—Introduction of Incompetent Evidence—Harmless Error.—In an action seeking to be adjudged the owner of and entitled to the use of a passway, the jury finding for defendants on the question of title under a peremptory instruction, the introduction of testimony by plaintiffs as to the giving of land for the passway by their ancestor and the remote vendor of defendants, and an instruction based upon it was harmless error. If the title to the land was in defendants as the court instructed the jury the jury could not have found that plaintiffs had the right to use the passway under an agreement with their vendor.

DOUGLAS BELL, TRIMBLE & BELL for appellants.

THOMAS P. COOK for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an ordinary action by appellees against appellants seeking to be adjudged the owners of, and entitled to the use of, a certain alley or passway in Hopkinsville, Kentucky, and damages for the obstruction thereof by appellants.

On the trial in the lower court under peremptory instructions, the jury found for defendants on the question of title, but the case was submitted to the jury on the question whether plaintiffs had an easement in, or right of user of the alley, and also upon the question of damages for the obstruction thereof. The jury found that the plaintiffs had a right of passway in the alley, but failed to find any damages for the obstruction.

The defendants have appealed from the judgment giving to plaintiffs an easement in the alley, and as there is no cross appeal by the plaintiffs, the questions of title and damage are eliminated.

The alley in question is 16 feet wide and runs a little south of west from the Canton Pike back towards what is known as the Phelps farm in the edge of Hopkinsville, and along the south line of what is conceded by appellants to be the property of appellees.

The property of appellees is about an acre, shaped somewhat in the form of a triangle, running from a turn in the Canton road back westwardly. The alley until a few years ago was used not only by appellees and their ancestors, but was used by all the occupants and tenants on the whole Phelps farm for the purposes of ingress and egress to and from that place.

It appears from the evidence that both sides of this lane have been fenced for sixty or seventy years, and the evidence of appellees goes to show that they and their ancestors have claimed the right to use this lane, and have had the use of it for that length of time. On the other hand, it is shown by the evidence of appellants, that the title to this lane was always in the persons owning the Phelps land, and that the use of it by the appellees through all this long period was merely permissive. It may be said that the evidence as to whether the use was exercised as a matter of right, or was merely permissive is irreconcilable, and it only remains to inquire whether

the court in its instructions properly submitted this issue.

The court instructed the jury in substance, that if they should believe that the plaintiffs and those under whom they claimed, had used and claimed the right to use the alley continuously for fifteen years or longer, that the law will presume a grant of right of passway over the same, although the plaintiffs may not own an interest in the land; and in a separate instruction told the jury, that if they believe the lane in controversy was used by the plaintiffs and those under whom they claimed, not as a matter of right, but merely by the permission and consent of the owners thereof, such use would not confer upon the plaintiffs any right to the use thereof, no matter how long such use had continued. While it would have been better to have embraced these two ideas in the same instruction, but when read and considered together as they must be, they could not have misled the jury.

But it is claimed that these instructions do not require that the claim of right to the use of the lane was adverse; but the very assertion of the right to use a passway is in its nature adverse. And besides, the evidence in this case shows that appellees had the right to the use of the passway jointly and in connection with the owners and occupants of the Phelps farm, and in a strict sense they were not claiming the use of it adversely to them, but merely the right to the use of it jointly with them.

Fairly construed, the two instructions read together submitted the correct issue to the jury.

The plaintiffs in their petition set up an agreement alleged to have been made long years before, between their ancestor and Hiram Phelps, whereby each gave one-half of the land composing the lane; and some rather vague and uncertain testimony along this line was permitted to go to the jury. It is complained by appellants that this testimony, given by some of the plaintiffs, was incompetent because Hiram Phelps was long since dead at the time it was given.

The lower court submitted an instruction based upon this testimony, and it is insisted that there was no competent testimony upon which to base such an instruction. Assuming this evidence to have been incompetent, and that the instruction based upon it was improperly given, in view of the peremptory instruction of the court to find for appellants as to the title to the land, it was at the

most a harmless error; for if the title to the land was in the vendees of Phelps as the court instructed the jury, it is impossible that the jury could have found that the appellees had the right to use the passway under any such agreement with Phelps. It is clear from the whole record that the verdict was based upon the other two instructions. Upon the whole case we see no prejudicial error.

Judgment affirmed.